

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LARS HANSON,<br><br>Defendant. | 1:14-CR-10007-CBK<br><br>OPINION AND ORDER |

Defendant moved for a hearing for the purposes of determining his mental competency to stand trial and aid in his defense, pursuant to 18 U.S.C. § 4241. Psychological examinations were conducted and reports were received from Dr. Dewey J. Ertz and Dr. Scott Pribyl. The Court finds that the written reports submitted in this case, Docs. 32 and 53, meet all the requirements of 18 U.S.C. § 4247(c). Pursuant to 18 U.S.C. §§ 4241(a) and (c) and § 4247(d), a competency hearing was held on January 4, 2016, at which the doctors testified via video conference.

"A defendant is competent to stand trial or face sentencing if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." United States v. Dahl, ___ F.3d ___, ___, 2015 WL 7717314, at *4 (8th Cir. Nov. 30, 2015). "The burden rests with the defendant to demonstrate that he [is] not competent to stand trial[.]" United States v. Mueller, 661 F.3d 338, 352 (8th Cir. 2011) (quoting United States v. Denton, 434 F.3d 1104, 1112 (8th Cir. 2006)). Accord, United States v. Whittington, 586 F.3d 613, 618 (8th Cir. 2009) ("the burden is on the defendant to prove incompetence by a preponderance of the evidence").

I have considered also the letter from the defendant to me which is well written and demonstrates competence.

"It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Drope v. Missouri, 420 U.S. 162, 170, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975). "Accordingly, as to federal cases, we have approved a test of incompetence which seeks to ascertain whether a criminal defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" *Id.* at 172, 95 S.Ct. at 904 (*quoting* Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960)).

"A district court must first determine, by a preponderance of the evidence, whether the defendant suffers from a 'mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.' 18 U.S.C. § 4241(a), (d)." United States v. Ferro, 321 F.3d 756, 760 (8th Cir. 2003).

> If the court finds after a competency hearing conducted in accordance with § 4247(d) that the defendant is mentally incompetent, the court "shall commit the defendant to the custody of the Attorney General . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability" that the defendant's competency can be restored "in the foreseeable future." 18 U.S.C. § 4241(d)(1). If the defendant's competency can likely be restored, he may be treated for "an additional reasonable amount of time." 18 U.S.C. § 4241(d)(2)(A).

United States v. Millard-Grasshorn, 603 F.3d 492, 493 (8th Cir. 2010).

"A medical opinion on the mental competency of an accused is usually persuasive evidence on the question of whether a sufficient doubt exists about the defendant's competence." United States v. Mueller, 661 F.3d at 352-53. The Court has read and

2

considered the exhibits submitted to the Court during the hearing. The Court heard the testimony of Dr. Ertz and Dr. Pribyl, pursuant to 18 U.S.C. § 4247(d). Dr. Ertz opined that the defendant, at the time he was examined in May 2015, was "unable to adequately appreciate legal procedures and participate with his attorney in developing a defense for the legal charge he faces." Dr. Ertz recommended that defendant be committed to a facility to address whether his psychological symptoms can be treated so that his competency can be restored. Dr. Pribyl, who evaluated the defendant in November 2015, opined that the defendant "does have the ability, at least outside of the courtroom, to consult with counsel, to have a factual understanding of the proceedings, and to have lower end moderate impairment for rational understanding and overall rational abilities."

"A defendant's mental health is a fact to be considered in determining whether reasonable cause to doubt competency exists, but '[p]resence of a mental illness does not equate with incompetency.'" United States v. Rickert, 685 F.3d 760, 766 (8th Cir. 2012) (*quoting* United States v. Whittington, 586 F.3d 613, 618 (8th Cir.2009) (defendant diagnosed with bipolar disorder, schizophrenia, and acute anxiety disorder not necessarily incompetent).

> Importantly, "not every manifestation of mental illness demonstrates incompetence." That a defendant suffers from a mental deficiency or demonstrates "bizarre, volatile, and irrational behavior" does not necessarily make him incompetent to stand trial. A defendant's competency is not static and may change over even a short period of time.

United States v. Casteel, 717 F.3d 635, 641 (8th Cir. 2013) (defendant suffering from schizophrenia with depression, dementia, and mental retardation found nonetheless competent) (*quoting* United States v. Shane, 593 F.3d 775, 779 (8th Cir. 2010) (internal citations omitted)).

3

"It is certainly within a district court's province to choose one expert's opinion over a competing qualified expert's opinion. Nonetheless, in crediting an expert's opinion, it is not the opinion itself that is important, but the rationale underlying it." United States v. Ghane, 593 F.3d 775, 781 (8th Cir. 2010). I adopt the opinion of Dr. Pribyl and find that the defendant is competent to stand trial and assist in his defense. Recesses will be permitted during the trial if requested by the defendant's attorney.

The Court finds by a preponderance of the evidence that defendant is not suffering from a mental disease or defect rendering him mentally competent to the extent that he is not able to understand the nature and consequences of the proceedings against him, to assist properly in his defense, and to stand trial.

Now, therefore,

IT IS ORDERED:

1. Pursuant to 18 U.S.C. § 4241, the Court finds by a preponderance of the evidence that the defendant is competent to stand trial and to assist properly in his defense.

DATED this 5th day of February, 2016.

BY THE COURT:

CHARLES B. KORNMANN
U.S. DISTRICT JUDGE